**NOT FOR PUBLICATION**
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| DONALD KESLER and CORRINE KESLER, | Case No.: 12-12716 (MBK) |
| Debtors. | |

----------------------------------------------------------X

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY, | |
| Plaintiff, | |
| v. | |
| DONALD KESLER and CORRINE KESLER, | |
| Defendants/Debtors, | |
| v. | Adversary No.: 12-1474 |
| JP MORGAN CHASE BANK, N.A. and FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Third-Party Defendants, | |

----------------------------------------------------------X

| | |
|---|---|
| FIRST FINANCIAL FEDERAL CREDIT UNION f/k/a MON-OC FEDERAL CREDIT UNION, | |
| Plaintiff, | |
| v. | |
| DONALD KESLER and CORRINE KESLER, | |
| Defendants/Debtors | |
| v. | Adversary No.: 12-1475 |
| JP MORGAN CHASE BANK, N.A., FEDERAL HOME LOAN MORTGAGE CORPORATION, and STEWART TITLE | |

GUARANTY COMPANY

    Third-Party Defendants,

-------------------------------------------------------X

APPEARANCES:

Joseph H. Lemkin, Esq.
Parker Ibrahim & Berg, LLC
270 Davidson Avenue
Somerset, NJ 08873
Attorneys for Third Party Defendants, JP Morgan Chase Bank, N.A.
and Federal Home Loan Mortgage Corporation

William H. Oliver, Jr.
Law Offices of William H. Oliver, Jr.
2240 Route 33 East, Suite 112
P.O. Box 667
Neptune, NJ 07753
Attorney for Debtors, Donald Kesler and Corrine Kesler

**MICHAEL B. KAPLAN, U.S.B.J.**

## MEMORANDUM DECISION

### I. INTRODUCTION

  This matter is before the Court by way of Motions to Dismiss ("Motions") filed on behalf of the Third Party Defendants, JP Morgan Chase Bank, N.A. ("Chase") and Federal Home Loan Mortgage Corporation ("Freddie Mac") ("Third Party Defendants"). Through the Motions, the Third Party Defendants seek to dismiss the third party claims of the Debtors, Donald Kesler and Corrine Kesler ("Debtors") in each of the captioned actions. The Debtors oppose the Motion and contend that dismissal is inappropriate because they have sufficiently pleaded their claims. Hearings on the Motions were held on January 28, 2013. For the reasons set forth below, the

Motions are GRANTED and the Debtors' third party claims against Chase and Freddie Mac, in each of the captioned proceedings, are dismissed.

The Court has jurisdiction over these proceedings under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    FACTS/PROCEDURAL HISTORY

On February 22, 2006, the Debtors executed and delivered a mortgage to Chase in the amount of $276,000 (the "Mortgage"), which was later assigned to Freddie Mac. Stewart Title Guaranty Company ("Stewart") issued a title insurance policy that insured the first priority lien status of the Mortgage. A portion of the loan proceeds were to be used to satisfy First Financial Federal Credit Union's ("FFFCU") prior home equity line of credit (the "HELOC"). On February 3, 2012, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

On May 14, 2012, Stewart commenced one of the underlying adversary proceedings (12-1474). In its Complaint, Stewart alleges that the Debtors failed to terminate the HELOC upon closing their loan with Chase, and instead continued to draw upon the HELOC before the Mortgage was recorded. As a result, upon foreclosure of the property, Stewart was obligated under the issued title policy to remit $47,500.00 to satisfy the obligation. Through its Complaint, Stewart seeks a non-dischargeable judgment against the Debtors arising from, and related to, the steps taken and payments made to preserve Chase's first priority position. FFFCU filed the second of the two underlying adversary proceedings against the Debtors on the same day as the

3

first (12-1475). FFFCU claims that the Debtors committed a fraud by taking additional advances when Debtors knew, or should have known, that they were required to terminate the HELOC as a condition of the Chase loan.

The Debtors include in their Answer to the first-filed adversary proceeding, a third-party Complaint against Chase and Freddie Mac asserting claims for breach of contract, violation of the New Jersey Consumer Fraud Act and negligence. *Stewart v. Kesler*, 12-1474, Docket Entry No. 6. In the second-filed adversary proceeding, the Debtors filed a third-party Complaint against Freddie Mac, Chase and Stewart on August 15, 2012 also alleging claims for breach of contract, violation of the New Jersey Consumer Fraud Act and negligence. *FFFCU v. Kesler*, 12-1475, Docket Entry No. 8 (hereinafter, together with adversary proceeding number 12-1274, the "Third Party Actions").

The Motions to Dismiss were filed on November 12, 2012. *Stewart v. Kesler*, 12-1474, Docket Entry No. 15; *FFCU v. Kesler*, 12-1475, Docket Entry No. 18. On November 15, 2012, the Court administratively consolidated the two adversary proceedings. On December 3, 2012, Stewart filed a Cross-Motion seeking dismissal of the third-party Complaint. Oral argument on the Motions to Dismiss was heard on January 28, 2013. During the hearing, the Court granted Stewart's Cross-Motion to Dismiss but reserved judgment as to the remaining Motions filed by Chase and Freddie Mac.

The Court has reviewed thoroughly the submission of the parties. For the reasons set forth below, Chase's and Freddie Mac's Motions are GRANTED and the Third Party Actions are dismissed, with prejudice, in their entirety.

### III. POSITION OF THE PARTIES

Third Party Defendants assert that the Debtors' claims are "virtually incomprehensible, but appear to sound in theories of breach of contract and/or negligence and also assert conclusory allegations under the New Jersey Consumer Fraud Act." *Adversary Proceeding No. 12-1474*, Docket Entry No. 15-1 at *7. The Third Party Defendants seek dismissal for failure to state a claim upon which relief can be granted, and likewise argue that the Debtors' claims fail as a matter of law because they rely entirely on conclusory allegations, without any factual support. Thus, Third Party Defendants posit that the Debtors' claims do not satisfy basic pleading requirements, let alone the heightened pleading requirements which are required for consumer fraud claims. Finally, the Third Party Defendants assert that the Debtors' claim for negligence is barred by the statute of limitations. In the alternative to dismissal under Fed.R.Bank.P. 7012(b)(6), Third Party Defendants ask for summary judgment rulings in their favor.

The Debtors oppose Third Party Defendants' Motions and elaborate on the factual underpinning of this case. The Debtors explain that, subsequent to obtaining the Mortgage from Chase, a fire occurred at the property which prohibited the Debtors from renting it for a period of time. As a result, the Debtors did not receive income from the property, fell into arrears on the Mortgage, giving rise to the initiation of a foreclosure proceeding by Freddie Mac. The Debtors submit that after repairing the property, they were able to rent it out and obtain income in order to make payments on the Mortgage. The Debtors contend that at some time after they re-rented the property, Chase agreed to "put a hold on the foreclosure proceedings" and allow the Debtors to resume making monthly payments. *Debtors' Brief in Opposition*, 12-1474, Docket Entry No. 21 at *2. The Debtors next assert that someone at Chase "forgot" to halt the foreclosure

proceedings and, as a result, Freddie Mac obtained a judgment of foreclosure and the property was sold at Sherriff's Sale. *Id.*

In defense of their third-party claims, the Debtors argue (1) that they have satisfied all of the elements for their breach of contract claim; (2) that the cause of action for negligence is not barred by the statute of limitations because the Debtors were unaware of the Sherriff's sale until several months after it occurred; and (3) that they have sufficiently pleaded the requisite facts to establish the existence of a cause of action for violation of the New Jersey Consumer Fraud Act. Likewise, the Debtors contend that summary judgment is inappropriate at this stage because no discovery has taken place yet.[1]

## IV. DISCUSSION

### A. Fed. R. Civ. P. 14 Limitations

Though not raised by any of the parties, this Court notes that the Third Party Actions brought by the Debtors fall outside the scope of Fed. R. Civ. P. 14. Rule 14 sets forth the circumstances under which a defending party may bring in a third party and states, in relevant part,

> "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or *part of the claim against it*[.]"

Fed. R. Civ. P. 14(a)(1) (emphasis added). The claims presently pending against the Debtors in the adversary proceeding filed by Stewart and FFFCU relate to the Debtors continued draws on the HELOC after closing the Mortgage with Chase, notwithstanding alleged representations that they would cease. Specifically, Stewart asserts that the Debtors actions give rise to non-dischargeable obligations under 11 U.S.C. §523(a)(2)(A), 11 U.S.C. §523(a)(2)(B) and 11

---

[1] The Court has reviewed the Sur-Reply submitted by the Debtors; however, the arguments contained in the Sur-Reply do not overcome the issues raised in this Opinion.

U.S.C. §523(a)(6). Similarly, the claims asserted against the Debtors in the adversary proceeding filed by FFFCU also relate to the allegation that the Debtors continued to take advances on the HELOC after they took the Mortgage from Chase, despite their knowledge that the collateral of the HELOC was compromised as a result of the foreclosure proceedings. FFFCU argues that the alleged debt is non-dischargeable under 11 U.S.C. §523(a)(2)(A).

The Debtors' Third Party Actions against Chase and Freddie Mac are for breach of contract, negligence and fraud. It is unclear from the record how these allegations, even if taken as true, would render Chase and Freddie Mac liable for the alleged fraud asserted against the Debtors by Stewart and FFFCU. Clearly, it is the cited improper post-closing withdrawal of funds under the HELOC that lies at the core of the adversary proceedings against the Debtors. Any breach of contract, negligence or fraud on the part of Chase or Freddie Mac would not excuse or indemnify the Debtors from the claimed fraudulent advances on the HELOC. Thus, Chase and Freddie Mac are not liable to the Debtors for all or part of the claims asserted against them by Stewart and FFFCU. Accordingly, the Debtors' Third Party Actions are not proper under Fed. R. Civ. P. 14.

The Court could grant Chase's and Freddie Mac's Motions to Dismiss on this basis alone; however, for the sake of judicial economy in the event Third Party Plaintiffs seek to re-plead their claims, the Court will outline several alternate grounds for dismissal.

### B. Subject Matter Jurisdiction

This Court further determines that it is without subject matter jurisdiction to hear the Third Party Actions pursuant to the "*Rooker-Feldman* Doctrine." Chase and Freddie Mac proceeded through State Court and obtained a Judgment of Foreclosure. A foreclosure judgment determines the validity of the note and mortgage, the amount of the indebtedness and alleged

7

default, and the right of the mortgagee to resort to the mortgaged premises. *See In re Rusch*, 2009 WL 1025466 (Bankr.D.N.J. January 23, 2009); S*ee Central Penn Nat'l. Bank v. Stonebridge, Ltd.,* 185 N.J.Super. 289, 302, 448 A.2d 498 (App.Div.1982); *Thorpe v. Floremoore Corp.*, 20 N.J.Super. 34, 37, 89 A.2d 275 (App.Div.1952); *Great Falls Bank v. Pardo*, 263 N.J.Super. 388, 394, 622 A.2d 1353 (Ch.Div.1993). The Debtors elected not to pursue their rights in the State Court action or to challenge the validity of the resulting judgment. The Court notes that the Debtors claim that they had no knowledge of the pending foreclosure or of the Sherriff's sale, which took place on February 9, 2010 and was recorded on March 10, 2010, until "several months later." *Debtors' Brief in Opposition*, 12-1474, Docket Entry No. 21 at *6. However, even if the Court were to accept these allegations as true, it fails to explain why the Debtors waited over two years to assert improper service of the notice of foreclosure. Apart from self-serving statements, there is nothing in the record to suggest that the Debtors were unaware of the continued prosecution of the foreclosure; nor do the Debtors advance an acceptable justification for why they chose to assert their rights in a different venue and in an unusual context - namely, in the Bankruptcy Court as part of responses to non-dischargeability actions. For the reasons explained below, this Court will not and, pursuant to the "*Rooker-Feldman* Doctrine," cannot review the state court's findings and decision as they relate to the validity of the Judgment for Foreclosure obtained by Freddie Mac.

As enunciated by the Supreme Court of the United States, the "*Rooker-Feldman* Doctrine" is a statutory-based doctrine which stands for the proposition that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). "Under the *Rooker-Feldman* doctrine, a district court is precluded from entertaining an action,

that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Township Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). "[A]pplication of the *Rooker-Feldman* doctrine is necessarily limited to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (*quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Additionally, the Court of Appeals elaborated upon the holding in *Exxon Mobile* and concluded that "there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (*quoting Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517).

The Third Circuit, as well as a number of bankruptcy courts within the Eastern District of Pennsylvania (specifically construing TILA as well as RESPA), have held that the *Rooker-Feldman* doctrine bars claims in bankruptcy proceedings, including adversary proceedings, if such claims would have the effect of undoing a state court foreclosure action. *See In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005); *In re Stuart*, 367 B.R. 541, 549-550 (Bankr.E.D.Pa.2007); *In re Cooley*, 365 B.R. 464, 470-473 (Bankr.E.D.Pa.2007); *In re Reagoso*, Bankr.No. 06-12961(JKF), 2007 WL 1655376, at *2-3 (Bankr.E.D.Pa. June 6, 2007). *See also In re Madera* 388 BR 586 (E.D.Pa. 2008) (holding that *Rooker-Feldman* bars TILA, RESPA & Unfair trade practices Act claims in default foreclosure judgment). This Court also notes that "it is settled that the *Rooker-Feldman* doctrine applies to all judgments by a state court, including default

9

judgments and judgments by confession." *In re Sabertooth, LLC*, 443 B.R. 671 (Bankr. E.D.Pa. 2011); *See, e.g., Calabria*, 418 B.R. at 866 (default judgments); *Stoss v. Singer Financial Corp.*, 2010 WL 678115, at *3 (E.D.Pa. Feb.24, 2010); *see also In re James*, 940 F.2d 46, 52–53 (3d Cir.1991).

The Debtors' contention that they were not provided adequate notice of the state court foreclosure proceeding does not bar application of the *Rooker-Feldman* doctrine. Indeed, the Third Circuit previously has addressed circumstances factually similar to those present in this case. In *In re Knapper*, the court determined that a debtor's claim for defective service of process of a foreclosure and Sherriff's sale in the bankruptcy court was inextricably intertwined with the state court adjudication that had rendered the foreclosure judgment. *In re Knapper*, 407 F.3d 573. The *Knapper* court concluded that it was without subject matter jurisdiction to hear the issue and held that the claim was barred by the *Rooker-Feldman* doctrine because the debtor's claim could only prevail through an order from a federal court that negated the state court judgment. Likewise, in the present case, were this Court to grant the Debtors' requested relief—*i.e.*, review the state court's decision granting the Judgment of Foreclosure and determine that the Debtors were not properly noticed —this Court clearly would exercise improperly subject matter jurisdiction. *See In re Knapper*, 407 F.3d 573.

Applying the four-part test enunciated in *Great Western Mining*, this Court finds that it is without subject matter jurisdiction over the Third Party Actions. *Great Western Mining*, 615 F.3d 159. First, Debtors are "state-court losers," now taking issue with, and contesting the validity of, the foreclosure proceeding; specifically, the notice requirements. Second, the Debtors, by their own strategic design, failed to file an appeal of the state-court decision or to pursue relief from the Judgment. Third, the foreclosure judgment which the Debtors now contest was rendered

prior to the Debtors' bankruptcy filing.  Finally, the Debtors, in bringing the Third Party Actions, seek to have this Court make certain findings (namely, that Chase and Freddie Mac did not provide proper notice of the foreclosure).  Those findings would necessarily rest upon a conviction that the state court erred with respect to its determinations regarding the validity of the note and mortgage, the amount of the indebtedness and alleged default, the right of Movant to foreclose in addition to the validity of the foreclosure proceeding and subsequent Sherriff's Sale in general— issues which are "inextricably intertwined" with the state-court adjudication because they are the only material issues in a foreclosure proceeding and because notice requirements are paramount to the validity of a foreclosure proceeding. *See In re Knapper*, 407 F.3d 573; *See In re Rusch*, 2009 WL 1025466; S*ee Central Penn Nat'l. Bank v. Stonebridge, Ltd.,* 185 N.J.Super. at 302; *Thorpe v. Floremoore Corp*., 20 N.J.Super. at 37; *Great Falls Bank v. Pardo*, 263 N.J.Super. at 394.  In entertaining the Debtor's requested relief, this Court would be undertaking improperly the role of a reviewing court with respect to the state court's prior finding - a role which contravenes the *Rooker-Feldman* doctrine.  Therefore, the third-party Complaints against Chase and Freddie Mac must be dismissed, with prejudice.

### C. Judicial Estoppel

The Court also concludes that the Debtors are precluded from bringing these Third Party Actions under the doctrine of judicial estoppel.  "Judicial estoppel is a fact-specific, equitable doctrine, applied at courts' discretion."  *In re Kane,* 628 F.3d 631, 638 (3d Cir., 2010).  In *Krystal Cadillac,* the Third Circuit provided a summary of the doctrine of judicial estoppel:

> "We first articulated the doctrine of judicial estoppel in *Scarano v. Central R. Co. of N.J.*, [203 F.2d 510 (3rd Cir.1953) ]. There, we ... recognized the intrinsic ability of courts to dismiss an offending litigant's complaint without considering the merits of the underlying claims when such dismissal is necessary to prevent a litigant from playing fast and loose with the courts.

11

> Since *Scarano*, we have consistently stated that the doctrine should only be applied to avoid a miscarriage of justice. Thus, in *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.*, we stated[ that t]he basic principle of judicial estoppel ... is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory."

*Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.,* 337 F.3d 314, 319–20 (3d Cir.2003) (emphasis in original; internal quotation marks, citations, and references omitted).

In assessing the facts of this case, the Court adjudges that the doctrine of judicial estoppel applies to all three of Debtors' claims against Chase and Freddie Mac. By Debtors' own admissions, it is irrefutable that they knew that these causes of action existed in 2009, yet they chose not to pursue them. Further, the Court has examined the Debtors' bankruptcy schedules and can take judicial notice[2] that the schedules do not disclose any claims against Chase or Freddie Mac; nor do the Debtors dispute any claims against them. The Chapter 7 Trustee filed a Report of No Assets prior to the adversary proceedings being filed against the Debtors and, ultimately, the Debtors were granted a discharge. Therefore, neither the Court, nor the Trustee, was aware of any potential cause of action against Chase and Freddie Mac. If these claims truly have value, the Trustee should have been informed of their existence and provided an opportunity to pursue them. The Debtors cannot now use the Third Party Actions to pursue alleged causes of action which, in their silence, they previously certified did not exist. Therefore, these claims are precluded under the doctrine of judicial estoppel and the Third Party Actions against Chase and Freddie Mac must be dismissed.

---

[2] *See Furnari v. Warden, Allenwood Federal Correctional Inst.*, 218 F.3d 250, 255 (3d Cir.2000); *In re Indian Palms Assocs.*, Ltd., 61 F.3d 197, 205 (3d Cir.1995) (concluding that judicial notice can be taken of certain facts such as that a document was filed, a position taken, an admission or allegation made "as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority.").

### D. 12(b)(6) Standard

The Court is also inclined to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6). Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 7012(b), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed R. Civ. Proc. 12(b)(6); Bankr. R. 7012(b). A motion made under Rule 12(b)(6) challenges the legal sufficiency of a claim in order to determine whether it should proceed. *Morris v. Azzi*, 866 F.Supp. 149, 152 (D.N.J. 1994). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993), *reh'g en banc denied*, *Hess v. Advanced Cardiovascular Systems, Inc.*, 520 U.S. 1277 (1997).

In considering a Rule 12(b)(6) motion, the reviewing court must accept all of the factual allegations contained within the complaint as true. See U.S. v. Gaubert, 499 U.S. 315, 327 (1991). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Gary v. Air Group, Inc., 397 F.3d 183, 186 (3d Cir. 2005). As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*[3]:

> Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d

---

[3] Federal Rule of Civil Procedure 8, discussed in the *Twombly* opinion, is made applicable to this proceeding under Bankruptcy Rule 7008.

>	209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 *C. Wright & A. Miller, Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) (hereinafter *Wright & Miller*) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), 3 on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

127 S. Ct. 1955, 1964-65 (May 21, 2007). Ultimately, dismissal is appropriate only if there are not "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. In the case presently before the Court, the Debtors fail to plead enough facts to state a plausible claim to relief.

First, with respect to the breach of contract claim, the Debtors fail to sufficiently plead the first element of the action; namely, the existence of a contract. The Debtors rely solely on their allegation that "it was agreed between [] Chase and the Defendant/Debtors that the mortgage foreclosure would be stopped[.]" *Debtors' Answer and Counterclaims,* 12-1474, Docket Entry No. 6 at *9. The Debtors offer no material facts to support this claim. While, as the Debtors assert, it is not necessary for a plaintiff to plead detailed factual allegations, it is necessary for a plaintiff to plead *some* factual allegations showing a possible entitlement to relief. *See Twombly,* 127 S. Ct. at 1964-65. Further, the pleadings must provide the defendant with fair notice of what the claim is and the grounds upon which it rests. *Id.* In this case, the Debtor has not provided the Court or the Third Party Defendants with the name of the representative at Chase who allegedly made this agreement to halt the foreclosure; neither have

14

the Debtors indicated when this alleged agreement took place or in what format (*i.e.* during a telephone conversation, via letter, in person, *etc*.). Thus, the Debtors' claim for breach of contract does not satisfy even the minimal pleading requirements outlined in *Twombly* and must be dismissed.

The Debtors' claim under the New Jersey Consumer Fraud Act fails for similar reasons. As the Third Party Defendants point out, when a plaintiff makes an allegation of fraud there is a heightened pleading standard which is greater than that imposed under Federal Rule 8. Fed. R. Pro. 9(b). The purpose of the heightened requirements is not to test the factual allegations of the claim, but to provide notice. *Id.* A plaintiff only satisfies Rule 9(b) when he pleads the circumstances surrounding the alleged fraud sufficiently so as to place the defendant on notice of the precise misconduct of which he is charged. *Id., See e.g., In re Norvergence, Inc.*, 384 B.R. 315, 357, 632-63 (Bankr. D.N.J. 2008)(stating that the allegations of fraud must be plead with "all of the essential factual background that would accompany the first paragraph of any newspaper story – the 'who, what, when where and how' of the events at issue"); *In re Allserve Sys. Corp.*, 379 B.R. 69, 75-77 (Bankr. D.N.J. 2007); *In re Kroen*, 280 B.R. 347, 352 n.2 (Bankr. D.N.J. 2002). To satisfy Rule 9(b)'s pleading requirements " 'a complaint must allege with some specificity the acts constituting fraud… conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough'." *Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs. Ltd.)*, 337 B.R. 791, 801 (Bankr. S.D.N.Y., 2005)(*quoting Odyssey Re (London) Ltd. V. Stirling Cooke Brown Holdings, Ltd.,* 85 F.Supp.2d 282, 293 (S.D.N.Y. 2000).

In the case presently before the Court, the Debtors have provided only a conclusory allegation that the Third Party Defendants' conduct was fraudulent or deceptive. The third-party Complaint is devoid of any specificity and lacks the essential factual background which would

15

provide the "who, what, when where and how" of the alleged fraud. *In re Norvergence, Inc.*, 384 B.R. 315. For these reasons, the Debtors' claims under the New Jersey Consumer Fraud Act fail.

Finally, the Court is disposed to dismiss the Debtors' negligence claim. The Debtors argue that the negligence claim is not barred by the statute of limitations because the Debtors did not know of the Sherriff's sale until months after it occurred. However, even if the Court sets aside the statute of limitations issue, the Debtors have not properly pleaded the elements of a claim for negligence. *See Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 342 F.Supp.2d 267, 278 (D.N.J. 2004) (holding that, under New Jersey law, a claim for negligence requires a plaintiff to plead four elements: (1) duty of care, (2) breach of duty, (3) proximate cause, and (4) actual damages). In their Third Party Actions, the Debtors briefly and vaguely discuss the concept of negligence without specifically addressing any of its elements. *Debtors' Answer and Counterclaim*, 12-1474, Docket Entry No. 6 at *9. As discussed above, the Debtors' obligation to show grounds for relief must consist of more than a "formulaic recitation of the elements of [the] cause of action." *Twombly,* 127 S. Ct. at 1964-65. In this case, the Debtors barely have even recited the elements. Thus, the Debtors have failed to sufficiently plead a cause of action for negligence and the claims against Chase and Freddie Mac must be dismissed.

## V. CONCLUSION

Based on a review of the pleadings, and for the reasons discussed above, this Court determines that the causes of action against Chase and Freddie Mac must be dismissed, with prejudice. Accordingly, the Court grants the Third Party Defendants' Motions to Dismiss. The Court will enter the appropriate Order.

Dated: February 21, 2013

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

17